Appeals by defendants, in an action for a permanent injunction, from (1) an order of the Supreme Court which granted plaintiff’s motion for a temporary injunction restraining defendants from picketing and related acts; (2) from an order of said court which denied defendants’ motion for a rehearing and to vacate said temporary injunction order; and (3) from an order of said court which continued said temporary injunction. Plaintiff is a meatpaeker. An independent union has, for some years, been the exclusive bargaining agent of plaintiff’s employees, certified as such by the National Labor Relations Board. The defendants are officers of a district union, which we will refer to as the defendant union. Picketing of plaintiff’s plant by the defendant union has been enjoined, on the Special Term’s finding that no labor dispute existed within the meaning of section 876-a of the Civil Practice Act and that: “ The purpose of such picketing would be to exert pressure, economic or otherwise, on plaintiff employer and compel plaintiff to commit an unlawful act, that of interfering with rights of its employees to choose their bargaining representatives. The court finds that such picketing is not 1 organizational ’ but is ‘ reeognitional ’ and under the circumstances is unlawful under the laws of the State of New York”. Appellants assert, on this appeal for the first time, that plaintiff is engaged in interstate commerce, that the unfair labor practice charged and found is within the exclusive jurisdiction of the National Labor Relations Board and that the court was therefore without jurisdiction. Respondent does not deny that its business operation is in interstate commerce and prior proceedings before the National Labor Relations Board with relation to plaintiff and the independent union indicate that such is the fact. In our view, the union activities enjoined by the Special Term order lie within the field of unfair labor practices which Congress has preempted for regulation under the Taft-Hartley Act (Labor Management Relations Act of 1947; U. S. Code, tit. 29, § 141 et seq.). That conclusion seems necessarily to follow from the decision in Garner v. Teamsters Union (346 U. S. 485). There it was found, as it was here, that the purpose in picketing was to coerce the employers “into compelling or influencing their employees to join the union.” The court said (p. 488) : “ Congress has taken in hand this particular type of controversy where it affects interstate commerce. In language almost identical to parts of the Pennsylvania statute, it has forbidden labor unions to exert certain types of coercion on employees through the medium of the employer.” We disagree with respondent’s contention that the determination as to “this particular type of controversy” (supra) turned upon the narrow ground that the language of the Pennsylvania statute there denied enforcement contained language nearly identical with provisions of the Federal *944 statute as to the means which, might be taken by the coerced employer to accomplish discrimination against his employees. Thus we fail to find valid the distinction respondent would draw between Garner and the earlier decision of the Court of Appeals in Goodwins Inc. v. Hagedorn (303 N. Y. 300). While we rest our decision on the sole ground that the union conduct and activities charged are within a pre-empted field within the meaning of the Garner case so that State action is precluded, it may be noted that the National Labor Relations Board has recently held that minority recognitional picketing is an unfair labor practice under the act (U. S. Code, tit. 20, § 158, subd. [b], par. [1], cl. [A], providing in part: “ It shall be an unfair labor practice for a labor organization or its agents—(1) to restrain or coerce (A) employees in the exercise of the rights guaranteed in section 157 of this title'.” (See Curtis Bros. Inc., 119 NLRB No. 33, 41 LRRM 1025 [Oct. 30, 1957]; Alloy Mfg. Co., 119 NLRB No. 38, 41 LRRM 1058 [Nov. 4, 1957]; Shepherd Mach. Co., 119 NLRB No. 39, 41 LRRM 1065 [No. 4, 1957]; Buffalo Trucking Service, 119 NLRB No. 144, 41 LRRM 1270 [Jan. 10, 1958].) We need not, in this case, consider the effect of these holdings upon our jurisdiction. We do note the statement in Garner v. Teamsters Union (346 U. S. 485, supra, p. 489): “ It is not necessary or appropriate for us to surmise how the National Labor Relations Board might have decided this controversy had petitioners presented it to that body. The power and duty of primary decision lies with the Board, not with us. But it is clear that the Board was vested with power to entertain petitioners’ grievance, to issue its own complaint against respondents and, pending final hearing, to seek from the United States District Court an injunction to prevent irreparable injury to petitioners while their ease was being considered.” The principle was further emphasized in Weber v. Anheuser-Busch (348 U. S. 468, 475) when it was said, with reference to the Garner case (supra) : “ The Court pointed out that exclusive primary jurisdiction to pass on the union’s picketing is delegated by the Taft-Hartley Act to the National Labor Relations Board ”. Order of April 30, 1957 reversed, on the law, and motion for temporary injunction denied, with $10 costs. Appeals from orders of September 19, 1957 and September 23, 1957 dismissed, as moot, without costs.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.